Oliver Beiersdorf
Peter C. Gourdine
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
obeiersdorf@reedsmith.com
*Attorneys for Petitioner Crescendo Maritime Co*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CRESCENDO MARITIME CO,<br><br>Petitioner,<br>v.<br><br>BANK OF COMMUNICATIONS COMPANY LIMITED<br><br>Respondent. | Civil No. 15-CV-4481 |

**CRESCENDO MARITIME CO. PETITION TO CONFIRM FOREIGN ARBITRATION AWARD AND ENTER JUDGMENT**

Pursuant to 9 U.S.C. § 201, *et seq*., Crescendo Maritime Co. ("Crescendo") (the "Petitioner"), through its undersigned counsel Reed Smith LLP, hereby Petitions this Court for an order confirming the final arbitration awards of the arbitration tribunal of the London Maritime Arbitration Association (the "Tribunal") dated December 31, 2014, and the entry of judgment in conformity with the awards against Bank of Communications Company Limited ("Bank of Communications") (the "Respondent").

As grounds, therefore, Petitioner states as follows:

**THE PARTIES**

1. Petitioner Crescendo is incorporated in the Republic of the Marshall Islands and located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960. *See* accompanying Declaration of Angeliki Kalapodi, dated May 21, 2015. ("Kalapodi Decl.") at par. 6.

2. Respondent Bank of Communications is a Chinese bank with its head office at 188 Yinchengzhong Road, ShanghaiNo. 6 Zhongshan Road, Qingdao, Shandong Province, People's Republic of China, and also maintains a branch office in New York City at 55 Broadway, New York, New York 10006. Kalapodi Decl. at par. 6.

3. Bank of Communications Company Qingdao Branch is a branch of Bank of Communications. They are the same exact entity. Kalapodi Decl. at par. 6. *See also* accompanying Declaration of Yuan Hi, dated June 4, 2015 ("Hi Decl.).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 as arising under the treaties of the United States. This is an action to enforce foreign arbitration awards under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 21 U.S.T. 2517 (1958). Pursuant to the Federal Arbitration Act, "*[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States,*" and the United States federal district courts have "*original jurisdiction over such an action or proceeding, regardless of the amount in controversy.*" *See* 9 U.S.C. § 203.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because Bank of Communications maintains an office in Manhattan, New York, which is in this judicial

district, where the arbitration awards may be enforced. 28 U.S.C. § 1391(b); *see also* 9 U.S.C. § 204.

**FACTUAL AND PROCEDURAL HISTORY**

6. Crescendo is a Special Purpose Vehicle incorporated in the Republic of the Marshall Islands. Kalapodi Decl. at par. 6. Alpha Bank is a Greek bank that provided finance to Crescendo for the purposes of paying instalments of the purchase price due under a shipbuilding contract ("the Shipbuilding Contract"). Kalapodi Decl. at par. 6. Bank of Communications provided three refund guarantees to Crescendo, one in respect of each paid instalment, on behalf of sellers Nantong Mingde Heavy Industry Stock Co Ltd ("Nantong") and New Future ("New Future") (together "Sellers") under the Shipbuilding Contract ("the Refund Guarantees"). Kalapodi Decl. at par. 6.

7. On August 16, 2007, the Shipbuilding Contract was entered into between Crescendo and Nantong for the construction of one 31,800 DWT bulk carrier with builder's hull number MD083 ("the Vessel"), for a purchase price of approximately U.S. $31,000,000. Kalapodi Decl., Ex. B. By Addendum No. 1 to the Shipbuilding Contract ("Addendum No. 1"), which was also entered into on August 16, 2007, New Future became a party to the Shipbuilding Contract as co-seller. Kalapodi Decl., Ex. C.

8. Although Crescendo and Sellers entered into the Shipbuilding Contract and Addendum No. 1 on August 16, 2007, both documents were back-dated December 2, 2006. Kalapodi Decl. at par. 5. The parties subsequently entered into further addenda on April 11, 2008, April 12, 2008, May 17, 2010 and June 27, 2011. Kalapodi Decl., Ex. C.

9. The Shipbuilding Contract contained arbitration and governing law provisions reading in relevant part as follows:

**ARTICLE (sic) XIII DISPUTES AND ARBITRATION**

> **1. Proceedings**
> In the event of any dispute between the parties hereto as to any matter arising out of or relating to this Contract or any stipulation herein or with respect thereto which cannot be settled by the parties themselves, such dispute shall be resolved by arbitration in London, England in accordance with the Laws of England
>
> **ARTICLE XIX - INTERPRETATION**
>
> **11. Law Applicable**
> The parties hereto agree that the validity and interpretation of this Contract and of each Article and part hereof be governed by and interpreted in accordance with the Laws of England.

Kalapodi Decl., Ex. B.

10. The first Refund Guarantee was issued on September 14, 2007, in relation to the first instalment of the purchase price for the Vessel of $6,200,000 (the "First Refund Guarantee"), which was paid by Crescendo on September 25, 2007. Kalapodi Decl., Ex. E.

11. The provisions of the First Refund Guarantee were then amended by SWIFT message sent by Bank of Communications on September 17, 2007. *Id.* The finalized clause provided as follows:

> THIS GUARANTEE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF ENGLAND AND ANY DISPUTE UNDER THIS GUARANTEE SHALL BE REFERRED TO ARBITRATION TO BE HELD IN LONDON, ENGLAND, THE PROCEEDINGS TO BE GOVERNED BY THE RULES OF LONDON MARITIME ARBITRATION ASSOCIATION (LMAA) AND AGREE THAT SERVICE OF PROCEEDINGS UNDER THIS GUARANTEE MAY BE EFFECTED ON OUR BRANCH OFFICE IN FRANKFURT (NEUE MAINZER STRASSE 76, FRANKFURT AH MAIN )AND IF FOR ANY REASON WE NO LONGER HAVE ONE WE UNDERTAKE TO APPOINT PROCESS AGENT... ++ ALL OTHER TERMS AND CONDITIONS OF THE L/G REMAIN UNCHANGED.

Kalapodi Decl., Ex. E.

12. A Deed of Assignment was entered into between Crescendo and Alpha Bank on October 29, 2007 (the "Deed of Assignment"), by which Crescendo assigned its rights under the Shipbuilding Contract and Refund Guarantees to Alpha Bank by way of security, on a suspensory, or conditional, basis. Kalapodi Decl., Ex. D.

13. Two further Refund Guarantees were subsequently issued by Bank of Communications in favor of Crescendo on July 11, 2008 (in relation to the second instalment of $6,200,000, paid on July 21, 2008) (the “Second Refund Guarantee”) and December 24, 2009 (in relation to the third instalment of $6,200,000, paid on January 5, 2010) (the “Third Refund Guarantee”) (together the “Refund Guarantees”). Kalapodi Decl., Ex. E. Similar to the first Refund Guarantee, the Second and Third Guarantees contained arbitration clauses calling for arbitration in London. Kalapodi Decl., Ex. E.

14. Disputes arose between the Sellers and Crescendo under the Shipbuilding Contract, leading the Sellers to commence arbitration against Crescendo pursuant to the provisions of the Shipbuilding Contract by appointing Mr Ian Gaunt as their arbitrator (the “Shipbuilding Arbitration”). Kalapodi Decl., Ex. F. On December 21, 2011 Crescendo appointed Mr Patrick O’Donovan as its arbitrator. Kalapodi Decl., Ex. G. The two arbitrators appointed Mr Anthony Hallgarten QC as the third arbitrator on May 4, 2012. Kalapodi Decl., Ex. H.

15. On December 14, 2011 and December 29, 2011, Crescendo made demands to Bank of Communications for the refund of the instalments paid under the Shipbuilding Contract pursuant to the terms of the Refund Guarantees. Kalapodi Decl., Exs. I and J. Following Bank of Communications’ refusal to refund the instalments, Crescendo commenced arbitration (the “Refund Guarantee Arbitration”) (together with the Shipbuilding Arbitration, the “Arbitrations”) under each of the Refund Guarantees on March 27, 2012, appointing Patrick O’Donovan as its arbitrator. Kalapodi Decl., Ex. K. On April 16, 2012, Bank of Communication appointed Mr Ian Gaunt as its arbitrator. Kalapodi Decl., Ex. L. The two arbitrators appointed Mr Anthony Hallgarten QC as the third arbitrator on May 4, 2012. Kalapodi Decl., Ex. H.

16. Throughout the Refund Guarantee Arbitration, Bank of Communications claimed that the Deed of Assignment between Crescendo and Alpha Bank effected immediate legal assignment of the Shipbuilding Contract and Refund Guarantees to Alpha Bank. Kalapodi Decl. at par. 19. Accordingly, Bank of Communications further asserted that Crescendo had lost title to sue, and that Alpha Bank had sole title to bring suit again Bank of Communications in the Refund Guarantee Arbitration. Kalapodi Decl. at par. 19. Consequently, it was clear that Alpha Bank's participation in the Arbitrations was going to be necessary to guard against the possibility – however remote – that the Tribunal might accept one or more of the Sellers' or Bank of Communications' arguments in relation to the effect of the Deed of Assignment, and thus conclude that it was obliged to dismiss Crescendo's claims on purely technical grounds Kalapodi Decl. at par. 19.

17. On July 17, 2014, Alpha Bank wrote to the Tribunal applying to join all of the Arbitrations and submitting to the Tribunal's jurisdiction to that end. Kalapodi Decl. at par. 20. Alpha Bank stated that it was applying for the purpose of enabling the Tribunal to issue awards in the form sought by Crescendo in the event that the Tribunal found in Crescendo's favor, adding that it did not wish to take an active part in any of the Arbitrations. Kalapodi Decl., Ex. M..

18. No response from the Sellers or Bank of Communications was forthcoming in relation to Alpha Bank's letter to the Tribunal. On July 23, 2014 counsel for Petitioners wrote to the Tribunal requesting a decision. Kalapodi Decl. at par. 21. This prompted an email from Bank of Communications protesting they were not required to respond to Alpha Bank's request since Alpha Bank was neither claimant nor respondent in either arbitration. Kalapodi Decl. at par. 21.

19. On July 23, 2014 the Tribunal responded, stating that before Alpha Bank could participate in the proceedings, it would first need to establish both that the Tribunal had jurisdiction and that it would be appropriate for it to exercise such jurisdiction. Kalapodi Decl. at par. 22.

20. Petitioner served its submissions in relation to the joinder application on August 1, 2014 after being granted a short extension of time. Kalapodi Decl. at par. 23. The Respondent did not serve any submissions in response. On August 23, 2014, the Tribunal proceeded to make its decision. The Tribunal stated that it was satisfied in light of the authorities cited to them by Petitioner that it had jurisdiction to join Alpha Bank to the proceedings. Kalapodi Decl., Ex. N.

21. On August 24, 2014, counsel for Bank of Communications wrote to the Tribunal protesting the decision and requested that the Tribunal suspend the references. The next day, they sent a further message contending that the Tribunal no longer had any jurisdiction over the references at all. The Tribunal responded stating that the Bank of Communications could not unilaterally call a halt to proceedings and that the timetable remained fixed. Kalapodi Decl., Ex. Q.

22. There were a number of subsequent communications in relation to timetabling matters, leading the Tribunal to reiterate that the references remained fixed and they expect the Sellers and the Bank of Communications to comply with their directions. The Sellers and the Bank of Communications also failed to engage with an attempt by the Tribunal to fix a pre-hearing review. Kalapodi Decl., at par. 25.

23. Following a number of demands by counsel for the Bank of Communications to vacate the final hearing of the Arbitrations, counsel for Petitioner wrote to the Tribunal on

October 10, 2014, opposing a vacation. The Tribunal responded on the same day saying that it saw no reason to suspend the Arbitrations. On October 13, 2014, following counsel for the Bank of Communications putting the Tribunal on notice that the Bank of Communications refused to attend the final hearing, the Tribunal responded urging the Bank of Communications to take part. On October 15, 2014, the Tribunal sent a message to the Sellers, also urging them to take part. *See* Kalapodi Decl., Exs. R-U. .

24. The hearing of both the Shipbuilding Arbitration and the Refund Guarantee Arbitrations took place on November 3, 2014, November 4, 2014, and November 6, 2014, with neither the Sellers nor the Bank of Communications in attendance. Kalapodi Decl., Exs. I and J.

25. By an award in respect of the Shipbuilding Arbitration (the "Shipbuilding Award") dated December 31, 2014, the Tribunal awarded Crescendo, *inter alia*, the following:

(a) US$ 18,600,000 by way of refund of the instalments of the price paid by Crescendo under the Shipbuilding Contract;

(b) Interest calculated to December 30, 2014, in the sum of $7,056,610.56, plus post-award interest, accruing at the rate of $1,033.33 per day per instalment unpaid (or pro rata in the case of a partial payment of any instalment);

(c) Crescendo's costs, together with interest thereon at the rate of 4% per annum, compounded at 3 monthly rests from the date of the Awards until payment; and

(d) The Tribunal's costs of £113,750, together with interest at 4% per annum, compounded at 3 monthly rests from the date of Crescendo's payment until reimbursement. Kalapodi Decl., Ex. I.

26. By three awards dated December 31, 2014 (the "Refund Guarantee Awards") (together with the Arbitration Awards, the "Awards"), the Tribunal awarded Crescendo the following:

(a) $6,200,000 for each of the three instalments paid under the Refund Guarantees, totaling $18,600,000, payable by Bank of Communications in the event the Sellers fail, wholly or in part, to make payment;

(b) Interest calculated to December 30, 2014, in the sum of $7,056,610.56, plus post award interest, accruing at the rate of $1,033.33 per day per instalment, payable by Bank of Communications in the event the Sellers fail, wholly or in part, to make payment;

(c) Crescendo's costs, together with interest thereon at the rate of 4% per annum, compounded at 3 monthly rests from the date of the Awards until payment by the Bank of Communications; and

(d) The Tribunal's costs of £113,750, together with interest at 4% per annum, compounded at 3 monthly rests from the date of Crescendo's payment until reimbursement. Kalapodi Decl., Ex. J.

27. On December 27, 2014, Bank of Communications informed the Tribunal that the Sellers had entered bankruptcy. Kalapodi Decl. at par. 31. On December 29, 2014, Bank of Communications sent an English translation of the relevant bankruptcy order made by the Chinese Court. The Sellers' bankruptcy was confirmed in an email from the Sellers on December 30, 2014. Kalapodi Decl. at par. 31. A demand was sent to the Sellers on January 20, 2015 asking for payment under the Shipbuilding Award. Kalapodi Decl. at par. V.

28. Demands were sent to Bank of Communications on January 20, 2015 and January 28, 2015 referring to the Awards and asking Bank of Communications to encourage the Sellers to pay. Kalapodi Decl. at par. 31-32. If Sellers failed to pay, then the demand notified Bank of Communications that, consistent with the Refund Guarantee awards, they themselves would be required to pay the principal amount awarded plus interest due from the Sellers to Petitioner. *Id*. On January 28, 2015, Crescendo made formal demands to Bank of Communications under the Refund Guarantees. Kalapodi Decl. at par. 32.

29. Payment has not been made, and no response has been received to either the demands sent pursuant to the Awards, or the demands made under the Refund Guarantees themselves. Kalapodi Decl. at par. 33.

30. As of May 21, 2015 the following remains outstanding:

(a) the principal amount under the Awards totaling $18,600,000.00;

(b) simple interest at 6% per annum calculated up until December 30, 2014 (on the basis of a year of 360 days) totaling $7,056,610.56;

(c) simple interest at 6% per annum calculated from the date of the Awards until May 21, 2015 totaling $437,098.59, continuing to accrue at the daily rate of US$ 1,033.33 per instalment until payment;

(d) the Tribunal's costs in the amount of £113,750, or $178,155.25 at the current foreign exchange rate;

(e) interest on the Tribunal's costs at 4% per annum compounded at 3 monthly rests from the date of payment, being 5 January 2015, until reimbursement, totaling £1,700.94 ($2,664.01 at the current foreign exchange rate), continuing to accrue daily at the rate of £12.59 ($19.72 at

the current foreign exchange rate) until the next compound date; at which point the daily rate will increase again; and

(f) Crescendo's costs, which have yet to be agreed or assessed, plus interest at 4% per annum, compounded at 3 monthly rests from the date of the Award until the date of payment. Kalapodi Declaration, Exs. I and J.

31. For clarity, it should be noted that the Tribunal awarded post-award interest at paragraphs (1), (3) and (4) of the Awards, as follows:

(a) *Interest on the principal – paragraph (1)*

(i) The Tribunal awarded simple interest from the date of the Awards at the rate of 6% per annum.

(ii) As of May 21, 2015, the total interest claimed is US$ 437,098.59. Further interest accrues at the rate of US$ 1,033.33 per instalment per day until payment, as provided by the Tribunal in the Awards.

(b) *Interest on costs – paragraph (3)*

(i) The Claimants' costs have not yet been quantified, therefore interest has also not yet been calculated.

(c) *Interest on the Tribunal's costs – paragraph (4)*

(i) The Tribunal awarded interest at 4% per annum compounded at 3 monthly rests from the date of payment, being 5 January 2015 until payment.

(ii) As of May 21, 2015, the total interest claimed is £1,688.35 calculated as follows:

£45/365 = 0.0115 (daily interest rate)

113,750 x 0.011% = £12.46 (daily interest amount for first compound period)

£12.46 x 91 (days in first compound period = £1,134.38 (interest amount for first compound period)

£114,884.38 x 0.011% = £12.59 (daily interest amount for current compound period)

£12.59 x 45 (days accrued in current compound period) = £566.55 (interest amount for current compound period)

£1,134.38 + £566.55 = £1,700.94.

Further interest accrues at the rate of £12.59 per day until the next compound date, at which point the daily rate will increase again. The next compound date is July 5, 2015.

**GROUNDS FOR CONFIRMATION OF AWARD AND ENTRY OF JUDGMENT**

32. The United States and United Kingdom are signatories to the international treaty known as the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, which governs arbitration awards of the London Maritime Arbitration Association.[1] *See* Article I of the Convention *("This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal.")*; see also 9 U.S.C. § 202 *("An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under the Convention").*

33. Where the award is to be enforced in the United States, the Federal Arbitration Act (the "FAA") applies. See 9 U.S.C. § 201 *("The Convention on the Recognition and*

[1] *See* United Listing of Signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *available at, http://treaties.un.org/Pages/showDetails.aspx?objid=080000028002A36B.*

*Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.”).*

34. The Convention provides that *“[e]ach Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon, under the conditions laid down in the following articles.”* See Article III of the Convention.

35. Under the FAA, the Court has the power to confirm *“an arbitral award falling under the Convention”*:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

*See* 9 U.S.C. § 207.

36. Petitioner and the Respondent have a binding arbitration agreement for disputes concerning the Shipbuilding Contract in which they expressly consented to resolve disputes in an arbitration proceeding in London, England. Kalapodi Decl., Ex. B.

37. The Shipbuilding Contract arises out of a legal relationship, which is unquestionably commercial. Bank of Communications was contracted to provide the Refund Guarantees to Crescendo on behalf of Sellers under the Shipbuilding Contract and the parties agreed in writing to arbitrate any dispute in London, England. Kalapodi Decl., Exs. B and E.

38. An arbitration tribunal appointed by the London Maritime Arbitration Association issued the Awards in favor of Petitioner and against Bank of Communications and Sellers. Kalapodi Decl., Exs. I and J.

39. The Award is final. Kalapodi Decl., para. 39.

40. The Awards are valid and enforceable pursuant to the Convention as the United Kingdom and the United States are joint signatories.

41. Pursuant to the FAA, Petitioner has moved within three years for confirmation of the awards and entry of judgment against Bank of Communications.

42. There are no grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons stated above, Petitioner respectfully requests the following relief:

1. An Order confirming the Awards against Bank of Communications Co. Ltd. of the arbitration tribunal appointed by the London Maritime Arbitration Association; and

2. An entry of judgment in favor of Petitioner against Bank of Communications Company Limited. as follows:

(a) the principal amount under the Awards totaling $18,600,000.00;

(b) simple interest at 6% per annum calculated up until December 30, 2014 (on the basis of a year of 360 days) totaling $7,056,610.56;

(c) simple interest at 6% per annum calculated from the date of the Awards until the date of this Petition totaling $437,098.59, continuing to accrue at the daily rate of US$ 1,033.33 per instalment until payment;

(d) the Tribunal's costs in the amount of $178,155.25, which is the equivalent of £113,750 based on the current foreign exchange rate;

(e) interest on the Tribunal's costs at 4% per annum compounded at 3 monthly rests from the date of payment, being 5 January 2015, until reimbursement, totaling $2,664.01, which is the equivalent of £1,700.94

based on the current foreign exchange rate until the next compound date, at which point the daily rate will increase again;

(f) Crescendo's costs, which have yet to be agreed or assessed, plus interest at 4% per annum, compounded at 3 monthly rests from the date of the Award until the date of payment.

(g) Additional interest accrued as of the date of the final judgment, post-judgment interest, and costs.

Dated this 9th day of June, 2015.

Respectfully submitted,

*/s/ Oliver Beiersdorf*
Oliver Beiersdorf, Esq.
Peter C. Gourdine, Esq.
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Telephone: 212 549 5400
Facsimile: 212 521 5450

*Attorneys for Petitioner Crescendo Maritime Co*