UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRESCENDO MARITIME CO.

        Petitioner,

v.

BANK OF COMMUNICATIONS
COMPANY LIMITED

        Respondent.

Civil No. 15-CV-4481

## DECLARATION OF ANGELIKI KALAPODI

Angeliki Kalapodi, of full age, declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a legal consultant at Narwhal Maritime Enterprises, Inc. ("Narwhal"), an agent of Crescendo Maritime Co. ("Crescendo"), and make this declaration in support of Crescendo's Petition to Confirm Foreign Arbitration Award and Enter Judgment. I am duly authorized to make this declaration pursuant to a Power of Attorney dated 20 December 2011, *see* Exhibit A, authorizing me to act on behalf of Crescendo in relation to the recovery of damages in connection with the Shipbuilding Contract and the Refund Guarantees referred to herein. This declaration is based on my personal knowledge and based upon a review of the relevant records.

2. One of my responsibilities as an employee of Narwhal is to handle all legal matters for Crescendo.

3. I personally reviewed the provisions of the shipbuilding contract between Crescendo and Nantong Mingde Heavy Industry Stock Co., Ltd. ("Nantong"), including all addendums and exhibits, dated December 2, 2006 (hereinafter the "Shipbuilding Contract"). A true and accurate copy of that Shipbuilding Contract is attached to this Declaration as Exhibit B.

4. Notwithstanding the date inscribed on the Shipbuilding Contract, on August 16, 2007, the Shipbuilding Contract was entered into between Crescendo and Nantong for the construction of one 31,800 DWT bulk carrier with builder's hull number MD083, for a purchase price of approximately $31,000,000. *See* Exhibit B. By Addendum No. 1 to the Shipbuilding Contract, which was also entered into on August 16, 2007, New Future (together with Nantong, "Sellers") became a party to the Shipbuilding Contract as co-seller. *Id.*

5. Although Crescendo and Sellers entered into the Shipbuilding Contract and Addendum No. 1 on August 16, 2007, both documents were back-dated December 2, 2006. The parties subsequently entered into further addenda on April 11, 2008; April 12, 2008; May 17, 2010; and June 27, 2011. *See* Exhibit C.

6. Crescendo is a Special Purpose Vehicle incorporated in the Republic of the Marshall Islands and located at Trust Company Complex, Ajeltake Island, Majuro, Marshall Islands, MH96960. Alpha Bank AE ("Alpha Bank") is a Greek bank with its registered office at 40 Stadiou Street, Athens, 102 52, Greece, which provided finance to Crescendo for the purposes of paying instalments of the purchase price due under the Shipbuilding Contract. Bank of Communications Company Limited ("Bank of Communications") is a Chinese-based bank with its head office at 188 Yinchengzhong Road, Shanghai. It has a branch at No. 6 Zhongshan Road, Qingdao, Shandong Province, People's Republic of China, and also maintains a branch office in New York City at 55 Broadway, New York, New York 10006, which acted as correspondent bank for Crescendo's remittance of the instalments of the purchase price under the Shipbuilding Contract. Bank of Communications provided three refund guarantees to Crescendo, one in respect of each paid instalment, on behalf of Sellers under the Shipbuilding Contract. The

Shipbuilding Contract contained arbitration and governing law provisions reading in relevant part as follows:

### ARTICLE (sic) XIII   DISPUTES AND ARBITRATION

1. **Proceedings**
   In the event of any dispute between the parties hereto as to any matter arising out of or relating to this Contract or any stipulation herein or with respect thereto which cannot be settled by the parties themselves, such dispute shall be resolved by **arbitration in London, England in accordance with the Laws of England.**

### ARTICLE XIX - INTERPRETATION

11. **Law Applicable**
    The parties hereto agree that the validity and interpretation of this Contract and of each Article and part hereof be governed by and **interpreted in accordance with the Laws of England.**

See Exhibit B (emphasis added).

7. A Deed of Assignment was entered into between Crescendo and Alpha Bank on October 29, 2007 (the "Deed of Assignment"), by which Crescendo assigned its rights under the Shipbuilding Contract and Refund Guarantees to Alpha Bank by way of security. A true and accurate copy of that Deed of Assignment is attached to this Declaration as Exhibit D.

8. The first Refund Guarantee was issued on September 14, 2007, in relation to the first instalment of the purchase price for the Vessel of $6,200,000 (the "First Refund Guarantee"), which was paid by Crescendo on September 25, 2007.

9. The provisions of the First Refund Guarantee were then amended by SWIFT message sent by Bank of Communications on September 17, 2007. The finalized clause provided as follows:

> THIS GUARANTEE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF ENGLAND AND ANY DISPUTE UNDER THIS GUARANTEE SHALL BE REFERRED TO ARBITRATION TO BE HELD IN LONDON, ENGLAND, THE PROCEEDINGS TO BE GOVERNED BY THE RULES OF LONDON MARITIME ARBITRATION ASSOCIATION (LMAA) AND AGREE THAT SERVICE OF PROCEEDINGS UNDER THIS GUARANTEE MAY BE EFFECTED ON OUR BRANCH OFFICE IN FRANKFURT (NEUE MAINZER STRASSE 76, FRANKFURT AH MAIN )AND IF FOR ANY REASON WE NO LONGER HAVE ONE

WE UNDERTAKE TO APPOINT PROCESS AGENT... ++ ALL OTHER TERMS AND CONDITIONS OF THE L/G REMAIN UNCHANGED.

10. Two further Refund Guarantees were subsequently issued by Bank of Communications in favor of Crescendo on July 11, 2008 (in relation to the second instalment of $6,200,000, paid on July 21, 2008) (the "Second Refund Guarantee") and December 24, 2009 (in relation to the third instalment of $6,200,000, paid on January 5, 2010) (the "Third Refund Guarantee" and together with the Second Refund Guarantee and Third Refund Guarantee, the "Refund Guarantees"). Similar to the First Refund Guarantee, the Second and Third Guarantees contained arbitration clauses calling for arbitration in London. True and accurate copies of the First, Second and Third Refund Guarantees are attached hereto as Exhibits E.

11. Following a series of delays in the construction of the vessel, a number of extensions to the delivery date were agreed between the parties. Of particular importance are Addendum No. 4 and Addendum No. 5 to the Shipbuilding Contract which were concluded on May 17, 2010 and June 27, 2011 respectively. *See* Exhibit C.

12. The Sellers sought to blame some of the delays in construction on Crescendo and contended on November 24 and 25, 2011, that the delivery date had been extended further. The Sellers also claimed that Addendum No. 5 had been induced by economic duress. The Sellers then purported to terminate the Shipbuilding Contract at common law on November 29, 2011, the day before the cancelling date, alleging that the Buyer had repudiated the Shipbuilding Contract.

13. On November 30, 2011, counsel for Bank of Communications wrote to the Buyer giving notice of the commencement of arbitration proceedings by the Sellers (the "Shipbuilding Arbitration") and calling upon Crescendo to appoint an arbitrator. They stated that the Sellers had appointed Mr Ian Gaunt as their arbitrator. *See* Exhibit F.

14. Having first obtained the consent of Alpha Bank, Crescendo wrote to the Sellers on December 1, 2011, cancelling the Shipbuilding Contract and demanding the repayment of the instalments of the purchase price, or in the alternative terminating the contract at common law. Counsel for Bank of Communications iterated that Crescendo was not entitled to cancel the Shipbuilding Contract and that Crescendo's cancellation was ineffective.

15. On December 21, 2011, counsel for Crescendo wrote to counsel for Bank of Communications notifying the Sellers that Crescendo had appointed Mr. Patrick O'Donovan as its arbitrator. Exhibit G. The two arbitrators appointed Mr. Anthony Hallgarten QC as the third arbitrator on May 4, 2012. *See* Exhibit H.

16. On December 14, 2011 and December 29, 2011, Crescendo made demands to Bank of Communications for the refund of the installments paid under the Shipbuilding Contract pursuant to the terms of the Refund Guarantees. True and accurate copies of the relevant arbitration awards, further confirming these facts, are attached hereto as Exhibits I and J. Crescendo's demands were rejected.

17. After a breach of the terms of the Shipbuilding Contract, Crescendo commenced arbitration pursuant to Article XIII (the "Refund Guarantee Arbitration"). By a letter from counsel for Crescendo dated March 27, 2012, Crescendo gave notice to the Sellers that it had commenced arbitration proceedings and that it had appointed Mr. Patrick O'Donovan as its arbitrator. Exhibit K. On April 16, 2012, the Sellers appointed Mr. Ian Gaunt as their arbitrator. Exhibit L. The two arbitrators appointed Mr. Anthony Hallgarten QC as the third arbitrator on May 4, 2012. *See* Exhibit H.

18. Upon commencement of the Refund Guarantee Arbitration, Bank of Communications and the Sellers claimed that the arbitration tribunal (the "Tribunal") lacked

jurisdiction over Alpha Bank. However, neither Bank of Communications nor the Sellers offered a substantive basis for this position.

19. Consequently, it was clear that Alpha Bank's participation in the Shipbuilding Arbitration and the Refund Guarantee Arbitration was going to be necessary to guard against the possibility – however remote – that the Tribunal might accept one or more of the Sellers' or Bank of Communications' arguments in relation to the effect of the Deed of Assignment, and thus conclude that it was obliged to dismiss Crescendo's claims on purely technical grounds.

20. On July 17, 2014, Alpha Bank wrote to the Tribunal applying to join the Refund Guarantee Arbitration as claimants and the Shipbuilding Arbitration as counterclaimants (together, the "Arbitrations") and agreeing to submit to the Tribunal's jurisdiction for the purposes of the determination of Crescendo's claims in the Refund Guarantee Arbitration and Crescendo's counterclaims in the Shipbuilding Arbitration. Alpha Bank stated that it was applying for the purpose of enabling the Tribunal to issue awards in the form sought by Crescendo in the event that the Tribunal found in Crescendo's favour, adding that it did not wish to take an active part in any of the Arbitrations. Exhibit M.

21. On July 23, 2014 counsel for Crescendo wrote to the Tribunal requesting a decision. This prompted an email from Bank of Communications protesting they were not required to respond to Alpha Bank's request since Alpha Bank was neither claimant nor respondent in either arbitration.

22. On July 23, 2014, the Tribunal responded, stating that before Alpha Bank could participate in the proceedings, it would first need to establish both that the Tribunal had jurisdiction and that it would be appropriate for it to exercise such jurisdiction.

23. Crescendo and Alpha Bank served their submissions in relation to the joinder application on August 1, 2014, after being granted a short extension of time. The Respondent did not serve any submissions in response. On August 23, 2014, the Tribunal proceeded to make its decision. The Tribunal stated that it was satisfied in light of the authorities cited to them by Crescendo and Alpha Bank that it had jurisdiction to join Alpha Bank to the proceedings. Exhibit N.

24. On August 24, 2014, counsel for Bank of Communications wrote to the Tribunal protesting the decision and requested that the Tribunal suspend the references. Exhibit O. The next day, they sent a further message contending that the Tribunal no longer had any jurisdiction over the references at all. Exhibit P. The Tribunal responded stating that Bank of Communications could not unilaterally call a halt to proceedings and that the timetable remained fixed. Exhibit Q.

25. There were a number of subsequent communications in relation to timetabling matters, leading the Tribunal to reiterate that the references remained fixed and they expected the Sellers and Bank of Communications to comply with their directions. The Sellers and Bank of Communications also failed to engage with an attempt by the Tribunal to fix a pre-hearing review.

26. Following a number of demands by counsel for Bank of Communications to vacate the final hearing of the Arbitrations, counsel for Crescendo wrote to the Tribunal on October 10, 2014, opposing a vacation. Exhibit R. The Tribunal responded on the same day saying that it saw no reason to suspend the Arbitrations. On October 13, 2014, following counsel for Bank of Communications putting the Tribunal on notice that Bank of Communications refused to attend the final hearing (Exhibit S), the Tribunal responded urging Bank of

Communications to take part. Exhibit T. On October 15, 2014, the Tribunal sent a message to the Sellers, also urging them to take part. Exhibit U.

27. The arbitration hearing took place on November 3, 2014; November 4, 2014; and November 6, 2014, with neither the Sellers nor Bank of Communications in attendance. Exhibits I and J.

28. Having established jurisdiction over Alpha Bank, on December 31, 2014, under an award of the same date (the "Shipbuilding Award"), the Tribunal awarded Crescendo the following:

(a) US$ 18,600,000 by way of refund of the instalments of the price paid by Crescendo under the Shipbuilding Contract;

(b) Interest calculated to December 30, 2014, in the sum of US$ 7,056,610.56 plus post-award interest, accruing at the rate of $1,033.33 per day per instalment unpaid (or pro rata in the case of a partial payment of any instalment);

(c) Crescendo's costs, together with interest thereon at the rate of 4% per annum, compounded at 3 monthly rests from the date of the Awards until payment; and

The Tribunal's costs of £113,750, together with interest at 4% per annum, compounded at 3 monthly rests from the date of Crescendo's payment until reimbursement. Exhibit I.

29. By three awards dated December 31, 2014 (the "Refund Guarantee Awards", together with the Shipbuilding Award, the "Awards"), the Tribunal awarded Crescendo the following:

(a) $6,200,000 for each of the three instalments paid under the Refund Guarantees, totaling $18,600,000, payable by Bank of Communications in the event the Sellers fail, wholly or in part, to make payment;

(b) Interest calculated to December 30, 2014, in the sum of $7,056,610.56, plus post award interest, accruing at the rate of $1,033.33 per day per instalment, payable by Bank of Communications in the event the Sellers fail, wholly or in part, to make payment;

(c) Crescendo's costs, together with interest at the rate of 4% per annum, compounded at 3 monthly rests from the date of the Awards until payment by Bank of Communications; and

(d) The Tribunal's costs of £113,750, together with interest at 4% per annum, compounded at 3 monthly rests from the date of Crescendo's payment until reimbursement.

Exhibit J.

30. The Tribunal determined that Crescendo had title to sue and that the assignments made in favour of Crescendo were purely suspensory rather than absolute.

31. On December 27, 2014, Bank of Communications informed the Tribunal that the Sellers had entered bankruptcy. On December 29, 2014, Bank of Communications sent an English translation of the relevant bankruptcy order made by the Chinese Court. The Sellers' bankruptcy was confirmed in an email from the Sellers on December 30, 2014. A demand was sent to the Sellers on January 20, 2015, asking for payment under the Shipbuilding Award. Exhibit V. On the same day, an equivalent demand for payment of the Awards was also sent to Bank of Communications. Exhibit W.

32. On January 28, 2015, further demands were sent by e-mail to Bank of Communications, replacing the demands sent on January 20, 2015. Exhibit X. On the same day,

9

the Buyer made demands to Bank of Communications under the Refund Guarantees by SWIFT and courier. Exhibit Y. These demands were also sent to Bank of Communication's Frankfurt branch by e-mail. Exhibit Z.

33. Payment has not been made to either the demands sent pursuant to the Awards or the demands made under the Refund Guarantees themselves.

34. As of May 21, 2015, the following remains outstanding:

    (a) the principal amount under the Awards totaling $18,600,000.00;

    (b) simple interest at 6% per annum calculated up until December 30, 2014 (on the basis of a year of 360 days) totaling $7,056,610.56;

    (c) simple interest at 6% per annum calculated from the date of the Awards until May 21, 2015, totaling $437,098.59, continuing to accrue at the daily rate of US$ 1,033.33 per instalment until payment;

    (d) the Tribunal's costs in the amount of £113,750, or $178,155.25 at the current foreign exchange rate;

    (e) interest on the Tribunal's costs at 4% per annum compounded at 3 monthly rests from the date of payment, being 5 January 2015, until reimbursement, totaling £1,700.94 ($2,664.01 at the current foreign exchange rate), currently accruing at the daily rate of £12.59 ($19.72 at the current foreign exchange rate) until the next compound date, at which point the daily rate will increase again; and

    (f) Crescendo's costs, which have yet to be agreed or assessed, plus interest at 4% per annum, compounded at 3 monthly rests from the date of the Award until the date of payment.

Exhibits I and J.

35. For clarity, it should be noted that the Tribunal awarded post-award interest at paragraphs (1), (3) and (4) of the Awards, as follows:

(a) Interest on the principal – paragraph (1)

(i) The Tribunal awarded simple interest from the date of the Awards at the rate of 6% per annum.

(ii) As at May 21, 2015, the total interest claimed is US$ 437,098.59. Further interest accrues at the rate of US$ 1,033.33 per instalment per day until payment, as provided by the Tribunal in the Awards.

(b) Interest on costs – paragraph (3)

(i) The Claimants' costs have not yet been quantified, therefore interest has also not yet been calculated.

(c) Interest on the Tribunal's costs – paragraph (4)

(i) The Tribunal awarded interest at 4% per annum compounded at 3 monthly rests from the date of payment, being 5 January 2015 until payment.

(ii) As at May 21, 2015, the total interest claimed is £1,688.35 calculated as follows:

[4% / 365 = 0.011% (daily interest rate)

£113,750 x 0.011% = £12.46 (daily interest amount for first compound period)

£12.46 x 91 (days in first compound period = £1,134.38 (interest amount for first compound period)

11

£114,884.38 x 0.011% = £12.59 (daily interest amount for current compound period)

£12.59 x 45 (days accrued in current compound period) = £566.55 (interest amount for current compound period)

£1,134.38 + £566.55 = £1,700.94].

Further interest currently accrues at the daily rate of £12.59 per day until the next compound date, at which point the daily rate will increase again. The next compound date is July 5, 2015.

36. Crescendo and Respondents have a binding arbitration agreement for disputes concerning the Shipbuilding Contract in which they expressly consented to resolve disputes in an arbitration proceeding in London, England. Exhibit B.

37. The Shipbuilding Contract arises out of a legal relationship, which is unquestionably commercial. Bank of Communications was contracted to provide the Refund Guarantees to Crescendo on behalf of Sellers under the Shipbuilding Contract. Exhibits B and E.

38. An arbitration tribunal appointed by the London Maritime Arbitration Association issued the Awards in favor of Crescendo and against Bank of Communications and Sellers. Exhibits I and J.

39. The Award is final.

40. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 21st May 2015 in Athens, Greece.

_____
Angeliki Kalapodi